**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60011
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANSENE BERRY

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-86-4

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fransene Berry appeals her jury conviction for one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and six counts of mail fraud in violation of 18 U.S.C. § 1341. She raises four issues on appeal.

First, Berry contends that the district court erred when it improperly instructed the jury on the object of the charged conspiracy. Although the district court corrected itself and ordered the jury to disregard the erroneous instruction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Berry argues that the process of changing the instruction misled and confused the jury. Because Berry did not object to the jury instructions in the district court, review is for plain error. *See United States v. Hickman*, 331 F.3d 439, 443 (5th Cir. 2003); FED. R. CRIM. P. 30(d).

The jury instructions as a whole did not mislead the jury and did not create a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations. *See United States v. Klein*, 543 F.3d 206, 210 (5th Cir. 2008). The district court correctly instructed the jury that the object of the conspiracy was to commit mail fraud. The district court also instructed the jury on the essential elements of the substantive offense of mail fraud. The jury did not question the district court's instructions prior to returning its verdict. Further, the evidence was sufficient to establish that Berry knew the use of the mails would follow in the ordinary course of business or that it was reasonably foreseeable that the mails would be used to execute the fraudulent scheme. Therefore, Berry has not shown error. *See United States v. Wells*, 262 F.3d 455, 465 (5th Cir. 2001).

Berry also contends that the district court abused its discretion in allowing inadmissible hearsay testimony. Specifically, she argues that Patrick McGee's testimony that she was increasing the square footage of the houses was inadmissible hearsay under FED. R. EVID. 801(c) and that none of the hearsay exceptions applied. Because Berry did not object to this testimony in the district court, review is for plain error. *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999).

Even if the district court erred in allowing inadmissible hearsay testimony and the error was clear or obvious, Berry has not shown that the error affected her substantial rights. Appraisal expert Robert Praytor testified that Berry was fraudulently inflating the value of the homes by modifying the square footage of the homes and their comparable listings. Thus, the underlying evidence was properly presented to the jury, and Berry has not shown plain error. *See id.*

Berry also contends that the evidence at trial was insufficient to sustain her conviction for conspiracy to commit mail fraud. She does not dispute that she and others conspired to provide false information to lenders in order to obtain fraudulently inflated mortgage loans. Rather, Berry argues that the Government failed to prove that she used, conspired, or intended to use the mails to defraud or that she knew the mails would be used to defraud. Because Berry moved for a judgment of acquittal at the close of the Government's case and renewed the motion at the close of all of the evidence, she properly preserved her sufficiency claim for appellate review. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

To prove a mail fraud conspiracy, the Government must prove beyond a reasonable doubt: "(1) an agreement between [the defendant] and others (2) to commit the crime of mail fraud, and (3) an overt act committed by one of the conspirators in furtherance of that agreement." *United States v. Sneed*, 63 F.3d 381, 385 (5th Cir. 1995). The Government must also prove that the defendant acted with intent to defraud. *United States v. Garza*, 429 F.3d 165, 168-69 (5th Cir. 2005). To prove mail fraud, the Government must prove beyond a reasonable doubt: "(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006) (internal quotation marks and citations omitted). "The government need not prove that the [defendant] used the mails [herself] or actually intended that the mail be used." *United States v. McClelland*, 868 F.2d 704, 707 (5th Cir. 1989). "The mail fraud statute requires only that the mailing caused by the defendant's actions be incident to an essential part of the scheme." *Ingles*, 445 F.3d at 835 (internal quotation marks and citation omitted). A defendant causes the mails to be used if she "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where [she] can reasonably foresee that use of the mails will result." *McClelland*, 868 F.2d at 707.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Berry knew the use of the mails would follow in the ordinary course of business or that it was reasonably foreseeable that the mails would be used to execute the fraudulent scheme. Attorney Robert Lingle testified that at the conclusion of real estate closings, lenders generally require that the closing documents be delivered to them either by hand, if the lender is local, or by mail. In the instant case, the lenders did not have underwriters in Mississippi. Thus, in accordance with the lenders' specific instructions, the closing documents were mailed to them via Federal Express. Co-conspirators McGee, Marvin Dawson, and Thomas Griffin testified that Berry's appraisals were an essential part of the fraudulent scheme because without the appraisals the lenders would not have approved the inflated loans. Griffin also testified that the appraisals were part of the original loan packages he would send to the lenders. James Ferrol, a representative of Homecomings Financial Network, Inc., testified that the loan packages were usually sent to them by overnight mail or the regular postal service. As a licensed appraiser, Berry knew or should have known that her appraisals were an integral part of the loan process and that the mails would be used in authorizing the loans and completing the closings in the ordinary course of business. Accordingly, the evidence at trial was sufficient to sustain Berry's conviction for conspiracy to commit mail fraud. *See McClelland*, 868 F.2d at 707.

Finally, Berry contends that trial counsel was ineffective in failing to investigate and present the testimony of important fact witnesses. The record is not sufficiently developed to permit direct review of Berry's ineffective assistance of counsel claims. *See United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998). Therefore, this court declines to consider these claims without prejudice to Berry's right to raise them in a 28 U.S.C. § 2255 motion. *See id.* at 503.

AFFIRMED.

4