# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2013

No. 12-10915

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BENJAMIN EDWARD NEUNER,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-50-1

Before OWEN and HAYNES, Circuit Judges and LEMELLE, District Judge[*]

PER CURIAM:[**]

Defendant-Appellant Benjamin Edward Neuner appeals his conviction and sentence for illegal possession of a machine gun for an alleged erroneous denial of his Rule 29 motion for acquittal based on entrapment, erroneous exclusion of

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10915

documentary evidence of his character to show lack of predisposition, irreparable harm of giving incorrect jury instructions on reasonable doubt and burden of proof, and the imposition of an unreasonable sentence.[1] We affirm the conviction and sentence for reasons below.

Viewing as we must the evidence, including reasonable inferences to be drawn from it, and any required determinations in the light most favorable to the guilty verdict, the record supports the District Judge's denial of the motion for judgment of acquittal. A rational jury could find that the government proved beyond a reasonable doubt either the existence of predisposition or the non-existence of inducement and all other essential elements of crime. *United States v. Thompson*, 130 F.3d 676 (5th Cir. 1997); *United States v. Reyes*, 239 F. 3d 722 (5th Cir. 2001), *cert. denied*, 535 U.S. 868 (2001) (Applicable standard of review is the same which applies to sufficiency of the evidence). The jury discredited the entrapment defense in favor of contrary testimony from the government's witnesses.

---

[1] Neuner also argues that he should be given, as the target of an undercover government operation, the exemption afforded to those acting under the authority of the government to legally possess a machine gun. That argument is rejected as utterly meritless. Clear statutory language and Congressional intent limited lawful transfer and possession of machine guns to authorized governmental personnel for use in their official capacities. 18 U.S.C. § 922(o)(2)(A); *United States v. Bailey*, 123 F.3d 1381, 1393 (11th Cir. 1997). The statute and legislative history do not except unwary targets of undercover operations, like Neuner, from criminal liability for possessing machine guns. There is no official capacity use of such weapons when the declared purpose, as explained to Neuner, is to harm law enforcement personnel. To find otherwise would be absurd.

Neuner also cites as error the trial court's denial of his motion to dismiss the indictment for outrageous governmental conduct. To the extent his argument raises a Fifth Amendment due process concern over the government's use of an informant who is arguably more dangerous than him, Neuner fails to show a constitutional violation from such usage. To the extent Neuner's argument implicates his entrapment defense that matter will be fully addressed *infra*.

No. 12-10915

Neuner testified that he converted two legal semi-automatic rifles into illegal automatic rifles using parts and tools supplied by the informant. He explained the conversions were done out of fear and pressure from the informant, a fellow gang member with authority over him, and the government's undercover agent posing as a drug dealer. Neuner further testified about service in the United States Air Force, an honorable discharge from that service and obtaining Security ID Access (SIDA) clearance to perform work as an airline mechanic. He admits to convictions only for traffic offenses. The government's evidence to rebut entrapment came from testimony by a cooperating informant and the government's agent. They stated Neuner proposed making the machine guns for them after revealing he had done so before for others at a price of $5,000 per weapon. They further testified that upon being told how the weapons would be used against law enforcement officials, Neuner said "can do it, no muss, no fuss". Neuner's eagerness to make the machine guns came from his own words. As examples of this, Neuner said that "his fingers are itching to get on these weapons," "almost burst out in song and tapped dance" after test firing the weapons. He described it "was just the neatest thing." Government witnesses also testified that Neuner offered to put together a third automatic weapon, supplied them with the necessary parts to do so along with the weapon to be converted, and offered smoke bombs in aid of resisting capture by law enforcement. The informant and undercover agents denied ever pressuring or threatening Neuner. There was sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that Neuner was predispositioned and not induced to perpetrate the crime. That same evidence also sufficiently showed him as an active, willing participant in the criminal conduct that led to his

No. 12-10915

arrest and conviction. As such, the trial court correctly denied his motion to dismiss based on outrageous government conduct. *United States v. Arteaga,* 807 F.2d 424, 427 (5th Cir. 1986) (The extremely high burden of establishing outrageous government conduct is based on showing government over-involvement combined with a passive role by the defendant); see also *United States v. Wise,* 221 F.3d 140 (5th Cir. 2000). Neuner fails on all accounts.

We also reject Neuner's argument that the trial court erred by excluding documentary evidence of his honorable discharge and high security clearance - proof of non-predisposition and inducement. The District Judge's exclusion of that evidence as cumulative of testimony already presented by Neuner on the same matters has not been shown to be an abuse of the trial court's discretionary authority. Fed. R. Evid. 403; See also *Winans v. Rockwell, International Corp.*, *et al*, 705 F.2d 1449, 1456 (5th Cir. 1983) (finding as harmless the exclusion of documentary evidence that was cumulative to direct testimony). The jury heard uncontested direct testimony and closing argument about Neuner's military discharge and security clearance following an FBI background check and drug screen. Claims that admission of paperwork on uncontested matters would have altered the jury's verdict are meritless. *Cf. United States v. Flores*, 640 F.3d 638, 643 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 336 (2011) (Finding harmless error when other evidence of guilt is overwhelming, as here).

At the close of evidence the District Judge orally instructed the jury on the law to follow in deliberations. The instructions were previously submitted by parties to the court in written form, including proper instructions on entrapment, reasonable doubt and burden of proof. After advising the jury at least 11 times with the correct instructions on burden of proof, the District Judge

No. 12-10915

twice misstated the law regarding reasonable doubt and burden of proof. The court mistakenly told the jury they could find Defendant guilty upon proof by a preponderance of the evidence. Upon trying to correct that remark, the court misread the instruction by telling the jury they should find Defendant not guilty if it finds beyond a reasonable doubt that the Defendant did not commit the offense. Again, at request of counsel, the court immediately corrected its errors and gave the proper instruction on reasonable doubt and burden of proof to the jury. The court also misread a portion of the law on entrapment by saying the Defendant could be guilty of entrapment. Again the court corrected itself and gave the proper instruction on how the Defendant could be the victim of entrapment. In each instance, the jury was sufficiently informed about the error and pertinent correction.

Neuner cites *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed. 2d 182 (1993) for the proposition that reversal of a conviction is mandated regardless of actions taken by the trial court to correct erroneous statements while instructing the jury on reasonable doubt. We reject the invitation to extend *Sullivan* to the present circumstances. In that case the erroneous reasonable doubt instruction was never corrected prior to or during jury deliberations. Here, no party disputes that corrective actions were taken by the District Judge upon acknowledging each error to provide proper jury instructions. The corrections came prior to jury deliberations in a timely fashion after each of two misstatements on reasonable doubt and burden of proof. Notably, the District Judge also gave proper instructions on entrapment during deliberations in written response to a jury question. Later during jury

No. 12-10915

deliberations the District Judge gave a written *Allen*[2] charge that again contained the correct statement on the government's burden of proving guilt beyond a reasonable doubt. In reviewing the full context in which this jury was advised and based on the jury instructions as a whole, including the cited portions in particular, the instructions neither misled the jury nor create a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations. *See United States v. Klein,* 543 F.3d 206, 210 (5th Cir. 2008)*; United States v. Lance*, 853 F.2d 1177, 1182 (5th Cir. 1988) (Cannot consider a trial judge's erroneous remarks to the jury in isolation but must view the proceedings as a whole). Under the circumstances presented, the stray remarks at issue are not "unquantifiable and indeterminate structural errors" that present a "reasonable likelihood" of jury confusion. *Sullivan*, 508 U.S. at 280-82; *Tyler v. Cain,* 533 U.S. 656, 658, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *United States v. Sanders,* 37 F.3d 632 (5th Cir. 1994) (unpublished opinion), *cert. denied,* 513 U.S. 1172 (1995). (*Sullivan* mandate not applicable where a deficient reasonable doubt instruction is later corrected- the harmless error standard would still apply). The error is harmless in view of prompt remedial action by the District Judge. *Cf. United States v. Berry*, 326 F. App'x 715 (5th Cir. 2009) (No plain error where, as here, the District Judge corrected an improper jury instruction after acknowledging the error). Lastly, there was no abuse of discretion in giving jury instructions orally during noted misreads. Even so, written instructions on the particular ones at issue were later provided

---

[2] *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Absent here is any suggestion that the modified *Allen* charge was "so prejudicial and coercive as to require reversal." *United States v. Bottom,* 638 F.2d 781, 787 (5th Cir. 1981)(*citing United States v. Bailey,* 468 F.2d 652 (5th Cir. 1972), *aff'd en banc,* 480 F.2d 518 (5th Cir. 1973).

No. 12-10915

during jury deliberations. For reasons noted above, there is no reasonable likelihood that the subsequently corrected misstatements had any impact upon the jury's verdict.

Finally, Neuner argues that due to personal characteristics, history and the offense conduct, among other factors, the 97 month guidelines sentence is unreasonable. There is no indication in the record that the sentencing court failed to consider all required sentencing factors. Neither party contests the calculated guidelines range on appeal.[3] The record also shows that the District Judge conducted a fair and thorough sentencing hearing, allowing witness presentations and argument from parties' counsel. After considering all sentencing factors under 18 U.S.C. § 3553(a), the court pronounced a custodial sentence at the low-end of the guidelines range. Neuner has not rebutted the presumptive reasonableness of this properly calculated within - guidelines sentence. *United States v. Candia*, 454 F. 3d 468 (5th Cir. 2006).

\*     \*     \*

AFFIRMED.

---

[3] Neuner's recent request to apply *Alleyne v. United States*, _U. S._, 2013 WL 2922116 (2013) to this advisory guidelines sentence is misplaced. The *Alleyne* decision applies to inappropriate increases in statutory mandatory minimum sentences. Unlike the statutory framework in Alleyne's mandatory minimum sentence, Neuner's statutory penalties did not expose him to a mandatory minimum sentence and none was pronounced. The record shows that awareness by the District Judge.